MOUND COTTON WOLLAN & GREENGRASS LLP

COUNSELORS AT LAW
ONE NEW YORK PLAZA
NEW YORK, NY 10004-1486
(212) 804-4200
FAX: (212) 344-8066
WWW.MOUNDCOTTON.COM

NEW YORK, NY
FLORHAM PARK, NJ
GARDEN CITY, NY
SAN FRANCISCO, CA
FT. LAUDERDALE, FL

MARK J. WEBER
(212) 804-4296
MWeber@moundcotton.com

**VIA ECF**                                                                                   January 25, 2016
Hon. Vernon S. Broderick
United States District Judge
40 Foley Square
New York, NY 10007

Re:   **Liberty Mutual v. J&S Supply, CV No. 1:13-cv-04784**

Dear Judge Broderick:

Plaintiffs (collectively "Liberty Mutual") respectfully submit this letter in response to the January 21, 2016 letter (*see* ECF Doc. 98) by Defendant J&S Supply Corp. ("J&S"), in which J&S – in direct contravention of Your Honor's order (*see* ECF Doc. 95) – attempts to submit a response to Liberty Mutual's sur-reply (*see* ECF Doc. 92). J&S's latest letter appears to be yet another example of its persistent dilatory litigation tactics, aimed at side-stepping prior unfavorable rulings, unnecessarily delaying the case, and harassing Liberty Mutual. Liberty Mutual respectfully requests that Your Honor give absolutely no consideration to J&S's improper "sur-sur-reply" in ruling on J&S's motion for leave to amend its answer, which was fully briefed as of December 10, 2015.

A brief review of the parties' moving papers clearly highlights the improper nature of J&S's recent filing. On October 12, 2015, J&S filed its motion for leave. *See* ECF Doc. 78, refiled as Doc. 85. On November 11, 2015, Liberty Mutual opposed J&S's motion and apprised the Court that J&S was deceptively attempting to re-litigate issues squarely resolved in Your Honor's June 29, 2015 Memorandum and Order (the "SJ Order"). *See* ECF Doc. 82, refiled as Doc. 90, pp. 27-28. On November 30, 2015, J&S submitted its Reply Memorandum of Law (*see* ECF Doc. 87), in which it responded to Liberty Mutual's contention regarding the significance of the SJ Order, in part, with new evidence (*see id.*, pp. 7-8 and fn. 4-5). With Your Honor's permission (*see* ECF Doc. 91), Liberty Mutual submitted a sur-reply, in which it solely responded to J&S's new evidence and arguments (*see* ECF Doc. 92). In its sur-reply, Liberty Mutual properly addressed J&S's attempts to re-litigate issues resolved in the SJ Order. *See id.*, pp. 5-6.

J&S, in turn, filed a letter motion on December 14, 2015, seeking leave to respond to Liberty Mutual's sur-reply. *See* ECF Doc. 93. In its letter-motion, J&S requested yet another opportunity to argue the effect of the SJ Order. *See id.*, pp. 1-2 (requesting leave to respond to Liberty Mutual's arguments pertaining to Exhibit 1-D to the J&S Reply). On December 18,

2015, Your Honor denied J&S's application to file any response to Liberty Mutual's sur-reply. *See* ECF Doc. 95. Accordingly, J&S's motion for leave to amend was fully briefed, and J&S was precluded from submitting an additional response.

Remarkably, J&S has now filed a response to Liberty Mutual's sur-reply, in blatant disregard of Your Honor's order. *Cf.* ECF Doc. 95 *with* ECF Doc. 98. J&S's disingenuous characterization of the filing as not including any "argument" is entirely irrelevant and nonsensical. Your Honor unequivocally denied J&S's request to "respond" *in any manner* to Liberty Mutual's sur-reply. *See* ECF Doc. 93; ECF Doc. 95. Despite this instruction, J&S, in its recent letter, has referred to, summarized, and/or quoted numerous documents which J&S obviously believes supports its arguments and responds to Liberty Mutual's sur-reply arguments. *See* ECF Doc. 98. J&S's conduct is highly improper and in direct violation of Your Honor's December 18, 2015 Order.

Furthermore, J&S's attempt to cast its recent filing as an offshoot of its fortuitous "c[oming] across [of] the transcript from the April 10, 2014 pre-motion conference" "[j]ust this week" is likewise irrelevant and baseless. The pre-motion conference transcript was made available to the parties on April 23, 2014 (*see* ECF Doc. 16) and was utilized by the parties in the briefing that is the subject of the SJ Order. J&S had (or had access to) this evidence long before the parties briefed J&S's motion for leave to amend. J&S's failure to address these materials previously, however, does not entitle it to submit an impermissible and defective "sur-sur-reply".

Turning briefly to the content of J&S's letter, J&S's reliance on dicta from pre-motion conferences and/or letters is entirely irrelevant and a blatant attempt to unnecessarily complicate the remaining straightforward legal issues in this case. The parties submitted moving papers, which directly raised certain legal issues. *See* ECF Docs. 18-28. The Court, in turn, analyzed the parties' legal arguments and rendered a binding decision. J&S obviously cannot re-litigate any and all issues which were resolved in Liberty Mutual's favor. Simply put, the SJ Order speaks for itself.

Finally, in addition to disregarding J&S's improper "sur-sur-reply", Liberty Mutual respectfully requests that the Court specifically prohibit the parties from filing any additional documents whatsoever pertaining to J&S's fully-briefed and pending motion for leave to amend. J&S has already prejudiced Liberty Mutual by putting before the Court additional arguments and materials, despite the fact that Your Honor refused to grant J&S permission to do the same. Without such an express instruction, we suspect that J&S will continue to pepper the Court with impermissible filings that are aimed at influencing the outcome of its pending motion. Thank you for the Court's consideration.

Very truly yours,

*Mark J. Weber*