UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                                      :
LIBERTY MUTUAL FIRE INSURANCE CO. :
and LIBERTY MUTUAL INSURANCE CO.,  :
                                                                      :
                             Plaintiffs,      :
                                                                        :                  13-CV-4784 (VSB)
                             -v-                 :
                                                                        :             **MEMORANDUM & OPINION**
J&S SUPPLY CORP.,                              :
                                                                        :
                             Defendant.       :
                                                                      :
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/29/2017

VERNON S. BRODERICK, United States District Judge:

       Before me is Defendant J&S Supply Corporation's ("J&S") motion for reconsideration, (Doc. 113), of my June 29, 2015 Memorandum & Order granting Plaintiff Liberty Mutual Fire Insurance Company's motion for partial summary judgment (the "June Order"), (Doc. 63). Because I find that there is no basis for me to reconsider my June Order, Defendant's motion, (Doc. 113), is DENIED.

## I.    **Procedural Background**[1]

       Plaintiffs Liberty Mutual Fire Insurance Company ("LMFIC") and Liberty Mutual Insurance Company ("LMIC") (collectively, "Liberty Mutual") brought claims against J&S alleging that J&S is required under New York law to reimburse Liberty Mutual for a *pro rata* share of the settlement payment paid in resolution of the Kestenbaum Action for the years in

---

[1] For purposes of this Memorandum & Opinion, I assume familiarity with the factual and procedural background of the action, and incorporate by reference the background detailed in my June Order as well as my March 29, 2017 Memorandum & Order denying J&S leave to amend its counterclaims to add counterclaims for deceptive practices and common law bad faith (the "March Order"). (Doc. 118.) All capitalized terms herein not otherwise defined shall have the same definition as provided in the June Order and March Order.

which J&S was uninsured. (*See* Compl. ¶ 24.)[2] Liberty Mutual filed a motion for partial summary judgment, (Doc. 18), and I granted Liberty Mutual's motion for partial summary judgment, finding that the SMP Policy provides for *pro rata* allocation of liability based upon the insurer's time on the risk. I also explained the reasoning for my prior order granting Liberty Mutual's motion to sustain its discovery objections and for a protective order. (Docs. 47, 61.)

J&S filed its motion for reconsideration and accompanying papers on September 7, 2016, requesting that I reverse the June Order and determine that the SMP Policy provides for an all sums allocation or, alternatively, vacate the June Order based on the ambiguity of the SMP Policy and allow the case to proceed as to each of the policies. (*See* Docs. 113–15.) Liberty Mutual filed its opposition on October 7, 2016, (Doc. 116), and on October 21, 2016, J&S filed its reply, (Doc. 117).

On September 12, 2017, J&S filed a notice of supplemental authority noting that the Second Circuit had recently decided *Olin Corp. v. OneBeacon Am. Ins. Co.*, 864 F.3d 130 (2d Cir. 2017), (Doc. 119), and Liberty Mutual filed a response on September 15, 2017, (Doc. 120).

## II. Applicable Law

Federal Rule of Civil Procedure 54(b) provides, in relevant part, that "any order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." "Although there is a strong presumption against amendment of prior orders due to the law of the case doctrine, reconsideration is justified where there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Shepherd v. Fisher*, No. 08-CV-9297 (RA), 2017 WL

---
[2] "Compl." refers to the Complaint filed on July 10, 2013. (Doc. 1.)

2

666213, at *16 (S.D.N.Y. Feb. 16, 2017) (internal quotation marks and citations omitted); *see also Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) ("A court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances . . . ."); *Bergerson v. N.Y. State Office of Mental Health*, 652 F.3d 277, 288 (2d Cir. 2011) (noting that "there is a strong presumption against amendment of prior orders"). In the absence of these circumstances, a motion for reconsideration is normally inappropriate, and the district court's decision "may not usually be changed." *Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir. 2003)

### III. Discussion

In sum, J&S argues that I should reconsider my prior decision because (1) the New York Court of Appeals' decision *In re Viking Pump*, 33 N.Y.S.3d 118 (2016) requires it; (2) I committed clear error in finding that the difference in policy language between this case and *Consolidated Edison Company of New York, Inc. v. Allstate Insurance Company*, 746 N.Y.S.2d 622 (2002) was a distinction without a difference; and (3) manifest injustice requires reconsideration and reversal. (*See* J&S Mem.)[3]

The Court of Appeals' decision in *Viking Pump* is not an intervening change in law warranting reconsideration. Specifically, the Court in *Viking Pump* (1) reaffirmed that under New York law the contract language of the applicable insurance policy controls the question of whether "all sums" or "*pro rata*" allocation applies, 33 N.Y.S.3d at 119; (2) only certified the question as to the applicable allocation when the insurance policies *at issue* "either follow form

---

[3] "J&S Mem." refers to the Memorandum of Law of Defendant J & S Supply Corp. in Support of Motion for Reconsideration. (Doc. 114.)

3

to a non-cumulation provision or contain a non-cumulation and prior insurance provision," *id.*; and (3) cites and quotes from *Consolidated Edison* extensively and rather than overruling *Consolidated Edison* merely distinguishes the facts presented in *Viking Pump* from those presented in *Consolidated Edison*, and explains that the contract language controls the question of allocation, *see id.* at 122–23, 124–26. Indeed, with respect to *Consolidated Edison*, the Court in *Viking Pump* noted that the policy at issue was distinguishable from *Consolidated Edison* precisely because of its inclusion of non-cumulation clauses and the two-part non-cumulation and prior insurance provisions. *Id.* at 125–26. Here, no such non-cumulation provisions existed in the SMP Policy.

J&S's citation to the Second Circuit's *Olin* decision is similarly unavailing, as the decision confirmed that "courts are to use ordinary tools of contractual interpretation to resolve" whether an all sums or *pro rata* approach is appropriate. *Olin*, 864 F.3d at 142. This is consistent with my analysis in the June Order. Unlike the policies at issue here, the policies at issue in *Olin* contained prior insurance and non-cumulation clauses, which, under *Viking Pump*, required the application of an all sums approach.

J&S's argument that *Viking Pump* represents an intervening change in law appears to rely in large part on its desire for me to reconsider my decision that the existence of the non-cumulation provisions in the UEL Policies would not make *pro rata* allocation under the SMP Policy unfair. As I explained in the June Order, the UEL Policies were not at issue in Liberty Mutual's motion for partial summary judgment, as no coverage was provided under the UEL Policies in the Kestenbaum Action, (June Order 15–16), and I see no reason for me to reconsider this decision.

Taking into account the strong presumption against amendment of prior orders, because I

find that *Viking Pump* was not an intervening change in law and that there was no clear error in or manifest injustice resulting from the June Order, I find that reconsideration is inappropriate.

## IV. Conclusion

For the reasons stated herein, J&S's motion for reconsideration is DENIED. The Clerk of Court is directed to terminate the open motion at Document 113.

SO ORDERED.

Dated: September 29, 2017
       New York, New York

Vernon S. Broderick
United States District Judge